UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES KIMLER                                                                                  PLAINTIFF

v.                                                      CIVIL ACTION NO.  1:22cv149TBM-RPM

DIVERSIFIED ELEVATOR SERVICE AND
EQUIPMENT COMPANY, INC.; ELEVATED
TECHNOLOGIES, INC., f/k/a ELEVATOR
SERVICE, INC.; ELEVATOR SERVICE, INC.,
BRYAN HERNANDEZ, AN INDIVIDUAL;
NIDEC; NIDEC MOTOR CORPORATION;
MOTION CONTROL ENGINEERING, INC.;
NIDEC MOTION CONTROL;
AND JOHN DOES A THROUGH Z                                                       DEFENDANTS

## JOINT NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Nidec Motor Corporation ("NMC"),[1] Diversified Elevator Service and Equipment Company, Inc., Elevated Technologies, Inc. f/k/a Elevator Service, Inc., and Elevator Services, Inc., hereby jointly remove this action from the Circuit Court of Harrison County, Mississippi, Second Judicial District to the United States District Court for the Southern District of Mississippi. In support of this Notice of Removal, all properly served parties aver as follows:

### Procedural History and Plaintiff's Allegations

1.      This case arises from an alleged incident that occurred at Biloxi VA Medical Center in Biloxi, Mississippi. (Ex. "A" - Compl. ¶ 18). Plaintiff Charles Kimler alleges he was injured when he stepped onto an elevator at the Medical Center and the elevator malfunctioned.

---

[1] Improperly named Motion Control Engineering was merged into NPC in 2016, and improperly named defendant, Nidec Motion Control, is a business unit of NMC. Neither are proper defendants in this action. Plaintiff also improperly names plain "Nidec" as a Defendant, which is not an entity and cannot be a proper defendant.

(*Id.* at ¶¶ 48-69). Plaintiff asserts claims based on negligence, gross negligence, vicarious liability, strict product liability, breach of contract, and failure to warn, against the above captioned defendants. (Ex. "A" - Compl. ¶¶ 48-107).

## Grounds for Removal

2. Defendants remove this action on the basis of federal enclave jurisdiction, pursuant to Art. I, § 8, cl. 17, U.S. Const. and 28 U.S.C. § 1331 because the events giving rise to this lawsuit occurred at the Biloxi VA Medical Center, a federal enclave.

3. The Federal Enclave Clause of the United States Constitution provides that Congress has exclusive legislative power over "all Places purchased by the consent of the legislature of the State in which the same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards and other needful Buildings." U.S. CONST. Art. 1, § 8, cl. 17.

4. A cause of action arising out of events that occur within a federal enclave is treated as raising a federal question subject to subject matter jurisdiction in federal court under 28 U.S.C. § 1331. *Mater v. Holley*, 200 F.2d 123,124-25 (5th Cir. 1952). "Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" *Durham v. Lockhead Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *see also United States v. Begay*, 42 F.3d 486, 499 (9th Cir. 1994) ("Exclusive United States jurisdiction extends only over such places as national parks, military bases, veterans' hospitals, federal buildings, federal prisons, etc. [and] the federal enclave laws [] apply only within exclusive United States jurisdiction ....").

5. If such claims are originally brought in state court, the lawsuit is subject to removal to federal court under 28 U.S.C. section 1441(a); *see Morgan v. Rankin*, 436 F. App'x 365 (5th Cir. 2011); *Lawler v. Miratek Corp.*, 2010 WL 743925 (W.D. Tex. March 2, 2010); *Lord v. Local Union No. 2088*, 646 F.2d 1057, 1059 (5th Cir. 1981).

## The Procedural Requirements for Removal Have Been Satisfied

6. Venue is proper in this court under 28 U.S.C. § 1446(a), as this Court is the United States District court for the district and division within which the state court action is pending.

7. This Notice of Removal has been filed within thirty (30) days after the earliest service of the Complaint in the Circuit Court case which was on May 16, 2022. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. All Defendants properly served have joined in and consent to removal of this civil action pursuant to this notice of removal.

9. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for the adverse party and file the same with the Clerk of the Circuit Court of Harrison County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

10. Pursuant to 28 U.S.C. § 1446(a) and this Court's local rule, true and correct copies of all process, pleadings, and orders served on the defendants in the action pending in Harrison County Circuit Court are attached hereto as Exhibit "A."

## Non-Waiver of Defenses

11. By removing this action from Harrison County Circuit Court, Defendants do not waive any defenses available to it.

12. By removing this action from Harrison County Circuit Court, Defendants do not admit any of the allegations in Plaintiff's complaint.

**WHEREFORE**, Defendants remove the above-captioned action from the Harrison County Circuit Court, Mississippi to the United States District Court for the Southern District of Mississippi.

Respectfully submitted this 15th day of June 2022.

                                                NIDEC MOTOR CORPORATION

                                                By: /s/ *Timothy L. Sensing*

OF COUNSEL:

Timothy L. Sensing (MSB #102575)
H. Rusty Comley (MSB # 102307)
Katie B. Lyons (MSB #105904)
Watkins & Eager PLLC
Post Office Box 650
Jackson, MS 39205
Phone:  601-965-1900
Email:  tsensing@watkinseager.com
Email:  rcomley@watkinseager.com
Email:  klyons@wakinseager.com

                                                ELEVATED TECHNOLOGIES, INC.
                                                F/K/A ELEVATOR SERVICE, INC. AND
                                                ELEVATOR SERVICE, INC.

                                     By:     *s/ James G. Wyly, III*

James G. Wyly, III (MSB # 7415)
Lauren R. McCrory (MSB # 102976)
Phelps Dunbar LLP
2602 13th Street, Suite 300
Gulfport, Mississippi 39501
Phone: 228 679 1130
Fax: 228 679 1131
Email:  jim.wyly@phelps.com
Email:  lauren.mccrory@phelps.com

DIVERSIFIED ELEVATOR SERVICES
AND EQUIPMENT COMPANY, INC.

By:   /s/ *Elizabeth A. Citrin*

Elizabeth A. Citrin (MSB # 101368)
Elizabeth A. Citrin, P.C.
28311 N. Main Street, Suite B-103
Daphne, AL 36526
Phone:  251-626-8808
Fax:  251-626-8868
Email:  elizabeth@elizabethcitrin.com

Clifton E. Slaten, J.D., LLM (*Pro Hac* Application Pending)
Slaten Law, P.C.
Attorneys & Counsellors at Law
7027 Halcyon Park Drive, Suite 100
Montgomery, AL 36117
Phone:  334-396-8882, ext. 302
Phone:  334-354-0165
Fax:  334-396-8880
Email:  cslaten@slatenlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I served the foregoing via United States Mail, properly addressed and first class prepaid, and via email, on the following:

Matthew G. Mestayer, Esq.
Jennifer P. Burkes, Esq.
Reeves & Mestayer
160 Main Street
Biloxi, MS 39530
Email:  mgm@rmlawcall.com
Email:  jpb@rmlawcall.com

SO CERTIFIED this 15th day of June 15, 2022.

By:   /s/ *Timothy L. Sensing*